PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 112
Trenton, NJ 08625-0112
Attorney for Defendants, Trooper J. Smith, Trooper P. Petelicki and the New Jersey State Police

By:   Christine H. Kim
      Deputy Attorney General
      (609) 633-8687
      christine.Kim@dol.lps.state.nj.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| JANNETH VALERO, | HON. JOSE L. LINARES, U.S.D.J. |
| Plaintiff, | Civ Act No.: 11-5710(JLL-MAH) |
| v. | |
| TROOPER J. SMITH; TROOPER P. PETELICKI (both defendants full names unknown) each in their individual and official capacities as New Jersey State Troopers; and THE NEW JERSEY STATE POLICE, | ANSWER AND AFFIRMATIVE DEFENSES |
| Defendants. | |

Defendants, Trooper J. Smith, Trooper P. Petelicki and the New Jersey State Police (Answering Defendants), by way and through their undersigned counsel, hereby respond to the allegations set forth in the Plaintiff's Complaint and by way of Answer to said Complaint state:

## **INTRODUCTORY STATEMENT**

1. This paragraph contains legal conclusions, not allegations of operative fact; therefore, no response is required. To the extent they can be deemed factual, same are denied.

2. Answering Defendants admit Trooper J. Smith and Trooper P. Petelicki are employed by the New Jersey State Police. Answering Defendants deny the remaining allegations contained in this paragraph.

## **JURISDICTIONAL AND VENUE**

3. This paragraph contains jurisdictional or venue averments and legal conclusions, not allegations of operative fact; therefore, no response is required.

4. This paragraph contains jurisdictional or venue averments and legal conclusions, not allegations of operative fact; therefore, no response is required.

5. Answering Defendants admit that venue is properly placed in the District Court of New Jersey.

## **FACTUAL ALLEGATIONS**

6. Answering Defendants admit plaintiff was arrested by Troopers Smith and Petelicki on November 25, 2010 for disorderly conduct, assault and resisting arrest, following a domestic violence offense and was transported to Sussex Station.

7. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, deny same.

    Notwithstanding, plaintiff is left to her proofs.

8. Answering Defendants deny the allegations contained in this paragraph.

9. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and leave plaintiff to her proofs.

10. Answering Defendants admit as plaintiff was being transported to Sussex Station, an ambulance was contacted and requested to respond to the Station due to plaintiff's intoxication. Answering Defendants admit plaintiff was transported to Newton Memorial Hospital. At this time, Answering Defendants are without sufficient knowledge or information to either admit or deny the remaining allegations of this paragraph and leave plaintiff to her proofs.

## AS AND FOR A FIRST CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS

11. Answering Defendants repeat their answers contained in the preceding paragraphs as if set forth at length herein.

12. This paragraph contains legal conclusions, not allegations of operative fact; therefore, no response is required. To the extent they are deemed factual, same are denied.

13. Answering Defendants deny the allegations contained in this paragraph. Notwithstanding, plaintiff is left to her proofs.

    WHEREFORE, Answering Defendants deny that the plaintiff is entitled to the relief she seeks (a-f), and demand judgment

dismissing her complaint with prejudice, plus costs.

## AS AND FOR THE SECOND CAUSE OF ACTION
## NEGLIGENCE

14. Answering Defendants repeat their answers contained in the preceding paragraphs as if set forth at length herein.

15. Answering Defendants deny the allegations contained in this paragraph. Notwithstanding, plaintiff is left to her proofs.

16. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, deny same. Notwithstanding, plaintiff is left to her proofs.

17. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore, deny same. Notwithstanding, plaintiff is left to her proofs.

WHEREFORE, Answering Defendants deny that the plaintiff is entitled to the relief she seeks (a-f), and demand judgment dismissing her complaint with prejudice, plus costs.

## AS FOR A THIRD CAUSE OF ACTION
## NEGLIGENT RETENTION AND HIRING

18. Answering Defendants repeat their answers contained in the preceding paragraphs as if set forth at length herein.

19. Answering Defendants deny the allegations contained in this paragraph. Notwithstanding, plaintiff is left to her proofs.

20. Answering Defendants deny the allegations contained in this paragraph. Notwithstanding, plaintiff is left to her proofs.

21. Answering Defendants deny the allegations contained in this paragraph.  Notwithstanding, plaintiff is left to her proofs.

WHEREFORE, Answering Defendants deny that the plaintiff is entitled to the relief she seeks (a-f), and demand judgment dismissing her complaint with prejudice, plus costs.

## AS AND FOR A FOURTH CAUSE OF ACTION
## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

22. Answering Defendants repeat their answers contained in the preceding paragraphs as if set forth at length herein.

23. Answering Defendants deny the allegations contained in this paragraph.  Notwithstanding, plaintiff is left to her proofs.

24. Answering Defendants deny the allegations contained in this paragraph.  Notwithstanding, plaintiff is left to her proofs.

25. Answering Defendants deny the allegations contained in this paragraph.  Notwithstanding, plaintiff is left to her proofs.

WHEREFORE, Answering Defendants deny that the plaintiff is entitled to the relief she seeks (a-f), and demand judgment dismissing the plaintiff's complaint with prejudice, plus costs.

## NUMERICAL SEQUENCE INTERRUPTION
## (SHOULD BE FIFTH CAUSE OF ACTION)
## AS AND FOR A SIXTH CAUSE OF ACTION
## <u>ASSAULT AND BATTERY</u>

26. Answering Defendants repeat their answers contained in the preceding paragraphs as if set forth at length herein.

27. Answering Defendants deny the allegations contained in this paragraph.  Notwithstanding, plaintiff is left to her proofs.

28. Answering Defendants deny the allegations contained in this

paragraph.  Notwithstanding, plaintiff is left to her proofs.
29. Answering Defendants deny the allegations contained in this paragraph.  Notwithstanding, plaintiff is left to her proofs.
30. Answering Defendants deny the allegations contained in this paragraph.  Notwithstanding, plaintiff is left to her proofs.
31. Answering Defendants deny the allegations contained in this paragraph.  Notwithstanding, plaintiff is left to her proofs.
32. Answering Defendants deny the allegations contained in this paragraph.  Notwithstanding, plaintiff is left to her proofs.

WHEREFORE, Answering Defendants deny that the plaintiff is entitled to the relief she seeks (a-f), and demand judgment dismissing the plaintiff's complaint with prejudice, plus costs.

WHEREFORE, Answering Defendants deny that the plaintiff is entitled to judgment as follows:

(a) On the First Cause of Action, Answering Defendants deny that the plaintiff is entitled to the relief she seeks, and demand judgment dismissing the plaintiff's complaint with prejudice, plus costs.

(b) On the Second Cause of Action, Answering Defendants deny that the plaintiff is entitled to the relief she seeks, and demand judgment dismissing the plaintiff's complaint with prejudice, plus costs.

(c) On the Third Cause of Action, Answering Defendants deny that the plaintiff is entitled to the relief she seeks, and demand judgment dismissing the plaintiff's complaint

      with prejudice, plus costs.

(d) On the Fourth Cause of Action, Answering Defendants deny that the plaintiff is entitled to the relief she seeks, and demand judgment dismissing the plaintiff's complaint with prejudice, plus costs.

(e) On the Fifth Cause of Action, numerical sequence interruption, Answering Defendants note that there is no Fifth Cause of Action.

(f) On the Sixth Cause of Action, numerical sequence interruption (should be the Fifth Cause of Action), Answering Defendants deny that the plaintiff is entitled to the relief she seeks, and demand judgment dismissing the plaintiff's complaint with prejudice, plus costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

At all times relevant hereto, Answering Defendants have acted in good faith and without fraud or malice.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants have not deprived plaintiff of any right, privilege or immunity secured to her by the New Jersey or United States Constitutions or any Act of Congress or the Legislature of New Jersey.

### THIRD AFFIRMATIVE DEFENSE

Answering Defendants have not deprived plaintiff of any right, privilege or immunity secured to her by the Constitution and laws

of the State of New Jersey.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Answering Defendants upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from suit.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendants are officials of an agency of the State of New Jersey and at all relevant times were performing acts within the scope of their official duties in good faith without fraud or malice, and are immune from any liability sought to be imposed upon them based upon the doctrine of qualified immunity.

### SEVENTH AFFIRMATIVE DEFENSE

The theory of Respondeat Superior cannot be utilized in § 1983 actions.

### EIGHTH AFFIRMATIVE DEFENSE

This suit is barred by the Eleventh Amendment.

### NINTH AFFIRMATIVE DEFENSE

The complaint is barred by the doctrine of res judicata and/or collateral estoppel.

### TENTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants are not guilty of negligence and violated

no duty to plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of the Answering Defendants is not the proximate cause of any injuries which ma have been sustained by plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of plaintiff's own actions and/or inactions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Damages, if any sustained by the plaintiff, were the result of the actions of persons and/or entities over whom the Answering Defendants had no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to interpose each and every such other separate defense that continuing investigation and discovery may indicate.

## SIXTEENTH AFFIRMATIVE DEFENSE

The State is not a person capable of being sued with in the meaning of 42 U.S.C. §1983.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendants did not violate any duty to plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Insofar as claims asserted against the Answering Defendants allege tortious acts, they are governed by and subject to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.  Failure to file

a notice of claim pursuant to N.J.S.A. 59:8-1 precluded plaintiff from asserting those claims.

### NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendants are not liable for acts taken in good faith in the enforcement of any law pursuant to N.J.S.A. 59:3-3.

### TWENTIETH AFFIRMATIVE DEFENSE

Answering Defendants are not liable for injuries resulting from discretionary activities pursuant to N.J.S.A. 59:2-3.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendants are not liable for their adoption of or failure to adopt any law or by their failure to enforce any law pursuant to the provisions of N.J.S.A. 59:3-5.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon Answering Defendants pursuant to N.J.S.A. 59:1-1, et seq. is subject to reduction by the limitations of proportionate liability set forth in N.J.S.A. 59:9-3.1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any liability that might otherwise be imposed upon Answering Defendants pursuant to N.J.S.A. 59:1-1, et seq. is subject to reduction by the comparative negligence provisions set forth in N.J.S.A. 59:9-4.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any recovery to which plaintiff may be entitled against the Answering Defendants pursuant to N.J.S.A. 59:1-1, et seq. is

subject to the limitations and reductions on damages set forth in N.J.S.A. 59:9-2.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Answering Defendants are subject to the immunities and the defenses provided by N.J.S.A. 59:2-1.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Any actions taken by Answering Defendants were in the nature of discretionary activity within the meaning of N.J.S.A. 59:3-2, and accordingly, no liability may be imposed upon defendants.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Recovery may be barred in this action by reason of a prior judgment or settlement arising out of the same transaction as set forth in N.J.S.A. 59:9-6.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This action is so lacking in fact-based merit as to warrant dismissal with prejudice.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The complaint and the proceedings resulting therefrom and any recovery resulting therefrom are barred, limited and/or controlled by the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

### THIRTIETH AFFIRMATIVE DEFENSE

This suit is barred by laches.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed because Answering

Defendants committed no violation of public policy.

### **THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff cannot make out a prima facie case interference with prospective economic advantage because no facts exist to support such a claim.

### **RESERVATION OF RIGHTS**

Answering Defendants reserve the right, at or before trial, to move to dismiss the complaint and/or for summary judgment, on the ground that the complaint fails to state a claim upon which relief can be granted and/or the defendants are entitled to judgment as a matter of law, based on any or all of the above defenses.

### **JURY DEMAND**

Answering Defendants demand a trial by jury for all issues of fact.

### **CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES**

Undersigned counsel hereby certifies, in accordance with L. Civ. R. 11.2, that the matters in controversy in this action are not the subject of any other pending or contemplated action in any court or arbitration proceeding known to defendants at this time, nor is any non-party known to defendants at this time who should be joined in this action, or who is subject to joinder.

### **DESIGNATION OF TRIAL COUNSEL**

The Court is hereby advised that Christine H. Kim, Deputy Attorney General, is hereby designated as trial counsel for defendants in this action.

```
                            Respectfully submitted,
                            PAULA T. DOW
                            ATTORNEY GENERAL OF NEW JERSEY


                    By:     s/Christine H. Kim
                            Christine H. Kim
                            Deputy Attorney General


Dated: November 23, 2011
```